**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **1:15cv383-HSO** |
| | § | **1:15cr23-HSO-JCG-3** |
| **MARK ANTHONY WILLIAMS, SR.** | § | |

<u>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A
PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255**</u>

BEFORE THE COURT is the Motion [79] of Defendant Mark Anthony

Williams, Sr. ("Defendant" or "Williams") to Vacate, Set Aside, or Correct Sentence

by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255.  This Motion is now

fully briefed.  Williams asserts that his Plea Agreement was breached and asks that

the Court grant "an 18 month reduction in [his] sentence, in accordance of the plea

agreement that [he] entered a plea of guilty for."  Def.'s Mot. [79] at 4.  After due

consideration of the issues presented, the record, and the relevant legal authority,

the Court is of the opinion that Williams' § 2255 Motion should be denied.

I. <u>FACTS AND PROCEDURAL HISTORY</u>

On February 25, 2015, a Criminal Complaint [1] was filed against Williams

and two co-Defendants, Clifford Barnett Jones, Sr. ("Mr. Jones") and Clifford

Barnett Jones, Jr. (collectively, "co-Defendants").  On March 18, 2015, the Grand

Jury returned a four-count Indictment [31] against Williams and the two co-

Defendants.

-1-

Williams entered into a Plea Agreement [55] with the Government, and on April 28, 2015, Williams pled guilty to Count 4 of the Indictment [31], which charged that Williams and his co-Defendants

> did travel in interstate commerce from the State of Michigan to the Southern District of Mississippi and elsewhere, with the intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of an unlawful activity, the unlawful activity being a business enterprise involving the distribution of a controlled substance, that is cocaine hydrochloride and heroin, and thereafter did perform acts and attempt to perform acts to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of the unlawful activity, in violation of Section 1952(a)(3), Title 18, United States Code.

Indictment [31] at 3.

Williams was sentenced on July 29, 2015, to a term of imprisonment of thirty-six (36) months as to Count 4 of the Indictment, and the Judgment [70] was entered on August 3, 2015.  J. [70] at 1-2.  The Court further ordered that, upon release from imprisonment, Williams shall be on supervised release for a term of three (3) years as to Count 4.  *Id.* at 3.

On November 17, 2015, Williams filed the present Motion [79] pursuant to 28 U.S.C. § 2255.  The sole ground advanced by Williams is an alleged breach of his Plea Agreement.  Mot. [79] at 4.  The Motion provides the following supporting facts for this claim:

> My plea agreement sentence calculation was based on the measure of myself with my co-defendant, Mr. Clifford Jones, Sr., the leader of the criminal activity.  My role was determined to be a "minimal participant" in the activity.  The plea agreement was solely based on Mr. Jones' sentence agreement of 120 months, and I would receive 36 months.  Mr. Jones received a sentence of 60 months, a reduction of 60 months from the initial plea agreement that determined my sentence of 36 months.

> My sentence of 36 months remained intact and should have been adjusted with a reduction of 18 months to stay in terms with the original plea agreement.  Mr. Jones' sentence was reduced by 50%, therefore upon our plea agreement, my sentence should be reduced by the same 50% as agreed upon.

*Id.*  Williams requests that the Court reduce his sentence by 18 months.  *Id.*

The Government responds that Williams' Plea Agreement "was not in any manner tethered to any agreement the government had with Mr. Jones."  Resp. [81] at 1.  According to the Government, Mr. Jones pled guilty to a count which carried a 60-month statutory cap, and Mr. Jones received the maximum sentence.  *Id.*  Mr. Jones' plea agreement could not, and did not, call for a 120-month sentence.  *Id.*  Even if it did, the Government maintains that "Williams can cite to no provision of his own agreement that tied his sentence proportionally to whatever sentence Mr. Jones received."  *Id.*

## II. <u>DISCUSSION</u>

### A.   <u>Relevant Legal Authority</u>

"A defendant may collaterally attack his guilty plea on the grounds of an alleged violation of the plea agreement."  *United States v. Borders*, 992 F.2d 563, 566 (5th Cir. 1993) (citation omitted).  "[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand[.]"  *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (quoting *Mabry v. Johnson*, 467 U.S. 504, 509 (1984)).  "When construing a plea agreement, [the Fifth Circuit] look[s] to what the defendant reasonably understood when entering his plea."  *Borders*, 992 F.2d at 567

(quotation omitted).

"[A] defendant ordinarily will not be heard to refute her testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quotation omitted). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *Id.* (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

B.    <u>Analysis</u>

The Plea Agreement [55], signed by Williams on April 20, 2015, disclosed that the maximum penalty he faced for the offense charged in Count 4 of the Indictment was not more than 5 years in prison, a term of supervised release of not more than 3 years, and a fine of up to $250,000.00. Plea Agreement [55] at 1. The Plea Agreement also provided as follows:

> Defendant specifically acknowledges that Defendant is not relying upon anyone's calculation of a particular Guideline range for the offense to which Defendant is entering his plea, and recognizes that the Court will make the final determination of the sentence and that Defendant may be sentenced upon to the maximum penalties set forth above.

*Id.* at 2. Williams represented that he "understood that this plea agreement and the plea supplement completely reflects [sic] all promises, agreements and conditions made by and between the United States Attorney's Office for the Southern District of Mississippi and Defendant." *Id.* at 6.

At the change of plea hearing before this Court, Williams acknowledged under oath that he had read and discussed the Plea Agreement and Plea

-4-

Supplement with his attorney, fully understood their terms, and had signed them. Williams also testified under oath at the hearing that no one had made any other promises or assurances, other than those contained in the Plea Agreement and Plea Supplement, in an effort to induce him to plead guilty.

During the plea colloquy, the Court properly explained to Williams the maximum possible penalties to which he could be exposed if he pled guilty to Count 4 of the Indictment, and Williams acknowledged under oath that he understood those maximum possible penalties, had discussed them with his attorney, had asked his attorney any questions he had about them, and had understood all of his attorney's answers.  Williams testified that he understood that the Court would not be able to determine his Guidelines sentence range until after the United States Probation Office prepared a Presentence Report ("PSR"), after Williams and the Government had a chance to review the PSR, and after they had an opportunity to challenge the reported facts and the proposed application of the sentencing guidelines recommended by the Probation Officer.

Williams further testified under oath that he understood that his sentence may be different than any estimate his attorney may have given him, that the Court had the authority in some circumstances to depart upward above the Guidelines range or downward below the Guidelines range, and that the Court would consider other statutory sentencing factors set forth at 18 U.S.C. § 3553, that could result in the imposition of a sentence that was either greater than or lesser than the advisory Guidelines sentence range.  Williams agreed under oath that he

understood that the Court, in its discretion, could sentence him to up to the maximum prison sentence provided by statute, which was five (5) years in Williams' case.

The Plea Agreement and Plea Supplement are short, clear, and unambiguous.  There is no indication in the Plea Agreement, Plea Supplement, or anywhere else in the record that Williams' sentence was somehow tied to that of Mr. Jones or that Williams was promised any particular sentence.  Nor does Williams' Motion cite to any such provision or allege what the exact terms of any alleged promise or assurance were, or exactly when, where, and by whom the promise or assurance was made, or the precise identity of an eyewitness to the promise.  *See Cervantes*, 132 F.3d at 1110.  Williams' sworn statements before the Court during his plea colloquy contradict the existence of any such promises, assurances, or agreements regarding his sentence.

The Motion, files, and records clearly refute Williams' allegations that he was promised a sentence somehow tied to Mr. Jones' sentence, or that he was promised any particular sentence, and conclusively show that Williams is not entitled to any relief on his breach of plea agreement claim.  *See id.* at 1111 (holding that district court did not err in dismissing § 2255 claim without conducting an evidentiary hearing when testimony and plain terms of the short, clear, and unambiguous plea agreement clearly refuted the defendant's allegations that her attorney promised her a lower sentence based on an agreement with the government).  Williams' Motion should be denied.

III.  <u>CONCLUSION</u>

The Court finds that the Government did not breach Williams' Plea Agreement, as he alleges.  Because the Motion, files, and records conclusively show that Williams is entitled to no relief, the Court finds that Williams' Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [79] of Defendant Mark Anthony Williams, Sr., to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, pursuant to 28 U.S.C. § 2255, is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 8th day of June, 2016.

_s/ Halil Suleyman Ozerden_
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE